Filed 2/24/26  P. v. Boner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARQUIS BONER,<br><br>Defendant and Appellant. | C101068<br><br>(Super. Ct. Nos. STKCRFE20080008388, SF108698A) |

In 2008, defendant Marquis Boner was involved in a robbery murder during which Rigoberto G. was shot and killed.  A jury found Boner guilty of first degree felony murder during the commission of, or immediate flight after, a robbery (Pen. Code,[1] §§ 187, 190.2, subd. (a)(17)), second degree robbery (§ 211), and discharging a firearm

---

[1]  Undesignated statutory references are to the Penal Code.

1

from a motor vehicle (§ 12034, subd. (d)).[2]  Boner was sentenced to life without the possibility of parole.

In 2022, Boner filed a petition for resentencing under what is now section 1172.6. The trial court denied the petition after considering the evidence from his trial.  On appeal, Boner contends substantial evidence does not support the trial court's finding that he is ineligible for resentencing.  We affirm.

BACKGROUND

I

*Factual Background*

In the early morning hours of June 21, 2008, Boner was driving around in a friend's car with his brother Antwaine Boner and his friend Anthony Moody.  After sitting in the parking lot of a bar and drinking in the car for about 20 or 30 minutes, Boner decided to commit a robbery.  Boner brought a loaded gun with him.  He had purchased the gun "on the street," loaded with four bullets.  Boner shot the gun once into the air just a few days before the robbery.

A group of six women left the bar together and walked to their car in the adjacent parking lot.  One woman entered the driver's seat, three women sat in the rear seat, one woman sat in the front passenger seat, and another woman stood outside the front passenger door assisting the front passenger in getting settled.

While standing outside the vehicle, the woman assisting the front passenger suddenly "felt a gun to [her] head."  She turned around and saw Boner holding a revolver in his right hand and demanding that she give him everything she had.  She handed over her cell phone and approximately $500 in cash.

---

[2]  Operative January 1, 2012, section 12034 was repealed and reenacted without substantive change as section 26100.  (*People v. Rodarte* (2014) 223 Cal.App.4th 1158, 1160, fn. 2.)

Boner then approached the women seated in the back of the car through an open door. One rear-seat passenger gave him money, after which Boner pointed the gun at another rear-seated passenger's head and demanded her chains. When she did not immediately comply, Boner "yanked" the chains from her neck.

At the same time, another man approached the driver's side of the vehicle and demanded money from the driver, who gave him $20.

Rigoberto G. was standing nearby and yelled "hey, hey, hey," which prompted Boner and the perpetrators to run toward their car that was parked nearby. Rigoberto G. then approached the driver's side of the car and started "swinging on [Boner]." Boner admitted that he shot him once or twice. Rigoberto G. died from a single gunshot wound.

## II

### *Procedural Background*

In 2009, a jury found Boner guilty of first degree felony murder during the commission of, or immediate flight after, a robbery (§§ 187, 190.2, subd. (a)(17)), second degree robbery (§ 211), and discharging a firearm from a motor vehicle (former § 12034, subd. (d)). The jury found not true that Boner personally discharged a firearm causing death. (§ 12022.53, subd. (d).) Boner was sentenced to life without the possibility of parole for the murder; the sentences for the other convictions were stayed under section 654.

In 2012, a different panel of this court affirmed the judgment and sentence. (*People v. Boner* (Sept. 14, 2012, C064254) [nonpub. opn.].)

In 2022, Boner filed a petition for resentencing under what is now section 1172.6. The trial court found that Boner made a prima facie showing for relief and issued an order to show cause. No new evidence was presented and the parties submitted briefs that relied upon the trial record.

Based upon the trial evidence, Boner argued that he was eligible for resentencing because he was not a major participant in the robbery nor did he act with reckless

3

indifference to human life.  The People countered that Boner was not eligible for resentencing because he was either the actual killer or a major participant in the robbery who acted with reckless indifference to human life.  In response, Boner claimed the court could not consider him as the actual killer because the jury found the personal discharge of a firearm causing death enhancements not to be true.

In 2024, the trial court denied Boner's petition for resentencing after finding beyond a reasonable doubt both that he directly aided and abetted the murder and that he was a major participant in the robbery who acted with reckless indifference to human life.  The court agreed with Boner that the jury found he was not the actual killer based upon its not true findings on the personal discharge enhancements.  However, the court went on to say, "Although the defendant was acquitted . . . for actually shooting the victim, he was convicted of firing a gun from a vehicle."  The court did not elaborate further on this point.  Boner appealed.

DISCUSSION

I

*Legal Background*

A.	*Changes to the Felony-murder Rule*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) narrowed the felony-murder rule by amending section 189 to provide that a participant in the perpetration or attempted perpetration of specified felonies, including robbery, in which a death occurs is liable for murder only if (1) the person was the actual killer; (2) the person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in committing first degree murder; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d), the statute defining the felony-murder special circumstance.  (Stats. 2018, ch. 1015, § 3; *People v. Curiel* (2023) 15 Cal.5th 433, 448.)

4

Senate Bill No. 1437 also added what is now section 1172.6, creating a procedure for convicted murderers to seek relief if they cannot be convicted of murder under the law as amended. (Stats. 2018, ch. 1015, § 4; *Curiel*, at p. 449.)

Section 1172.6, subdivision (a) provides, in relevant part, that a person convicted of felony murder may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Where, as here, the trial court issues an order to show cause and considers evidence, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant is guilty of murder under California law as amended by Senate Bill No. 1437. (§ 1172.6, subd. (d)(3).) The parties may rely on evidence in the record of conviction or offer new or additional evidence at the hearing. (*Ibid.*) "Although the parties may offer new or additional evidence, they are not required to produce evidence previously presented at the trial. [Citation.] Nor are they foreclosed from referring to the jury's verdicts or findings, unlike the situation where a new trial is granted in a criminal case." (*Torres v. Superior Court* (2023) 94 Cal.App.5th 497, 516.)

The trial court acts as an independent fact finder and determines whether the evidence establishes beyond a reasonable doubt that the defendant would be guilty of murder under the amended sections 188 and 189 and, therefore, ineligible for relief under section 1172.6. (*People v. Cody* (2023) 92 Cal.App.5th 87, 110.)

B. *Reckless Indifference to Human Life*

When it amended section 189, Senate Bill No. 1437 incorporated the meaning of "major participant" and "reckless indifference to human life" elucidated in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

(See *People v. Strong* (2022) 13 Cal.5th 698, 710.) As relevant here, the mens rea element—reckless indifference to human life—contains subjective and objective components. (*In re Scoggins* (2020) 9 Cal.5th 667, 677.) "As to the subjective element, '[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed,' and he or she must consciously disregard 'the significant risk of death his or her actions create.' [Citations.] As to the objective element, ' "[t]he risk [of death] must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him [or her], its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation." ' " (*Ibid*.) Participation in an armed robbery and awareness that armed robberies carry a risk of death is not enough. (*Id*. at p. 682; *Clark*, at pp. 617-618; *Banks*, at pp. 805, 806-808.) The defendant must knowingly create a grave risk of death. (*In re Scoggins*, at p. 677; *Banks*, at p. 808.)

The California Supreme Court has identified the following factors a trier of fact may consider in determining, under the totality of the circumstances, whether the defendant acted with reckless indifference to human life: (1) whether the defendant used or knew that a gun would be used during the underlying felony; (2) how many weapons were used; (3) whether the defendant was physically present at the crime, indicating the defendant shared in the actions and mental state of the other participants; (4) whether the defendant had the opportunity to restrain the crime or aid the victim; (5) the duration of the interaction between the perpetrators of the crime and the victim; (6) the defendant's knowledge of his or her confederate's propensity for violence or likelihood of using lethal force; and (7) the defendant's efforts to minimize the risks of violence during the underlying felony. (*In re Scoggins*, *supra*, 9 Cal.5th at p. 677; *Clark*, *supra*, 63 Cal.4th at pp. 618-623.) No one factor is necessary or necessarily sufficient to establish the requisite mens rea. (*Clark*, at p. 618.) Rather, in analyzing the totality of the nonexhaustive list of subjective and objective factors, the trier of fact determines whether

6

a defendant's action or inaction "encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Id.* at p. 617; see also *People v. Emanuel* (2025) 17 Cal.5th 867, 883.)

C.  *Standard of Review*

We review the denial of a section 1172.6 petition for substantial evidence. (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 125.) "Our job on review is different from the trial judge's job in deciding the petition. While the trial judge must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard, our job is to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.) We examine " 'the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value that would support a rational trier of fact in finding [the defendant guilty] beyond a reasonable doubt.' " (*People v. San Nicolas* (2004) 34 Cal.4th 614, 657-658.)

II

*Analysis*

Boner contends that the record does not support the trial court's finding that he was ineligible for resentencing. Although he concedes that he was a major participant in the robbery, Boner claims he neither acted with reckless indifference to human life nor aided and abetted the shooting. The People disagree and argue that substantial evidence demonstrates that Boner was a major participant who acted with reckless indifference. The People have the better argument.

By his own admission, which is corroborated by witness testimony, Boner used a gun during the commission of the robbery. Boner admits that he planned the robbery and

7

brought a loaded and operable gun with him to the bar to carry out his plan. Boner further admits that he used this gun to intimidate his robbery victims—including pointing it in a victim's face—as he demanded their property. Boner's use of a weapon weighs in favor of a finding of reckless indifference.

Boner was also physically present for the entirety of the criminal enterprise. He drove the car to the bar; drank inside the car while he hatched his robbery plan; robbed several women with his loaded gun; returned to the car after Rigoberto G. started yelling; was inside the car when Rigoberto G. was shot; and drove the car away from the bar after the shooting. Boner's participation in, and proximity to, the events leading up to the murder are particularly significant where, as here, the murder is a culmination or a foreseeable result of several intermediate steps. (*Clark*, *supra*, 63 Cal.4th at p. 619.)

Boner had every opportunity to restrain the robbery and aid Rigoberto G. after he was shot. The robbery was Boner's plan, and he could have stopped that plan at any time. Simply put, the robbery would not have been set in motion without Boner, which put him in prime position to restrain the robbery had he so chosen.

Boner also could have driven away after the robbery before the shooting occurred. Although Rigoberto G. approached the car and started "swinging" on Boner, Boner was driving and could have avoided any further confrontation with Rigoberto G. by simply continuing to drive away. Additionally, Boner could have aided Rigoberto G. after the shooting. The murder occurred in the parking lot of a busy bar. Boner could have entered the bar and asked any number of people for help. Instead, he drove away immediately.

Nor did Boner make any effort to minimize the risk of violence during the robbery; rather, he escalated the violence. Boner drove to the busy bar and sat in the parking lot while drinking and plotting a robbery. He then used a loaded and operable gun to rob several women under the cover of darkness. Boner's plan to commit this crime did not include an "eye to minimizing the possibilities for violence." (*Clark*,

8

*supra*, 63 Cal.4th at p. 623.) "[E]ven if a defendant is unconcerned that the planned felony resulted in a death, there must also be evidence that the defendant was aware of and willingly involved in the violent manner in which the felony was committed and consciously disregarded the significant risk of death that his or her actions created." (*People v. Emanuel*, *supra*, 17 Cal.5th at p. 895.) Here, there is such evidence and more.

Finally, Boner admits on appeal that he was a major participant in the robbery. This admission weighs strongly in favor of the trial court's finding that Boner acted with reckless indifference. Indeed, as our Supreme Court has said: "[W]e do not doubt that there are some felonies as to which one could properly conclude that any major participant necessarily exhibits reckless indifference to the value of human life. Moreover, even in cases where the fact that the defendant was a major participant in a felony did not suffice to establish reckless indifference, that fact would still often provide significant support for such a finding." (*Clark*, *supra*, 63 Cal.4th at p. 615.) Such is the case here. By his own admission, Boner was the mastermind of the armed robbery in front of a busy bar in the middle of the night. He brought the loaded and operable gun with him to carry out his plan. Boner's high level of involvement in the underlying felony provides significant support for the trial court's ruling that he was recklessly indifferent to human life.

There is one more important component to this case: Boner admitted that he shot Rigoberto G. We therefore conclude that Boner is also ineligible for resentencing as the actual killer.

On these bases, we conclude that the trial court correctly denied Boner's petition for resentencing because he is ineligible as a major participant who acted with reckless

9

indifference.  Alternatively, Boner's uncontroverted admission to shooting Rigoberto G. also establishes that he is ineligible for resentencing as the actual killer.[3]

DISPOSITION

The judgment is affirmed.


/s/<br>
BOULWARE EURIE, J.

We concur:


/s/<br>
DUARTE, Acting P. J.


/s/<br>
KRAUSE, J.

---

[3] Because Boner is ineligible for resentencing as either a major participant who acted with reckless indifference or the actual killer, we need not address whether sufficient evidence supports the trial court's finding that Boner directly aided and abetted the shooting.

10